Matter of the Application of JOHN MEYER to Become a Citizen of the United States of America.

(Supreme Court, Kings Special Term, July, 1917.)

**Naturalization — application of German subject for citizenship held over for action until termination of war.**

The filing of a declaration of intention to become a citizen is not an " application " for admission to become a citizen.

The application of a German subject to become a citizen of the United States filed on April 6, 1917, the day on which by proclamation of the President a state of war was declared to exist between the United States of America and the German Empire, will be held over for action until after the termination of the war, though the applicant long before that day had filed his declaration of intention to become a citizen.

APPLICATION for admission to citizenship.

Abraham S. Solomon, for the Government.

CROPSEY, J. The applicant declared his intention of becoming a citizen long before April 6, 1917, on which day a state of war was declared to exist between the United States of America and the German Empire. His petition for admission was filed April 6, 1917. He is a German subject. Can he be admitted?

Section 2171 of the Revised Statutes of the United States provides that, " No alien who is a native citizen or subject, or a denizen of any country, state or sovereignty, with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States." The only exception to this provision relates to persons who had filed their declarations of intention or were eligible for citizenship before June 18, 1812. This statute in its present form was adopted in 1813.

The filing of a declaration of intention to become a citizen is not an " application." Section 2171 clearly differentiates between the two, and its language shows that the word " application " was not intended to mean the declaration of intention. This is further shown by the provisions of the act of June 29, 1906, relating to naturalization. A German subject cannot become a citizen of this country if his " application " was made when a state of war existed. The application is made either when the petition for citizenship is filed or when the matter comes on for hearing in court. In this case it is immaterial which of these things is the " application," for both occurred while war existed. In *United States* v. *Meyer* (C. C. A.) 241 Fed. Repr. 305, the majority of the court held that the " application " was made within the meaning of the section quoted when the petition was filed, and that the declaration of a state of war between that date and the date of the hearing in court did not bar the applicant. There was a vigorous dissent, however, and a claim that the hearing in court was the " application " contemplated by the section. All the judges agreed, however, that the declaration of intention was not the " application."

It is plain that this application cannot now be granted.

The other question is whether it should be denied or action postponed till after the war. There would be nothing gained by a denial now. It would mean that the applicant would be obliged to make a new petition after the war ended and then wait ninety days, and that he and witnesses would be put to the trouble and expense of signing new papers. Nothing would be gained by such a procedure. It would entail unnecessary hardship and expense, and should not be required. The application will therefore be held over for proper action after the war has terminated.

Ordered accordingly.